UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLIVIER MISIGARO,<br><br>Petitioner,<br><br>v.<br><br>DAVID WESLING, Acting Boston Field Office Director, Enforcement and Removal Operations, Immigration and Customs Enforcement; JOSEPH D. MCDONALD, JR., Sheriff, Plymouth County Sheriff's Office; ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; PATRICIA HYDE, Field Office Director of Enforcement and Removal Operations, Boston Field Office; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; and PAMELA BONDI, U.S. Attorney General,<br><br>Respondents. | Civil Action No. 1:26-cv-10298-IT |

MEMORANDUM & ORDER

February 6, 2026

TALWANI, D.J.

Petitioner Olivier Misigaro, a citizen of Rwanda who has been detained for more than one year by U.S. Immigration and Customs Enforcement ("ICE"), challenges his detention as unlawful. Pet. for Writ of Habeas Corpus [Doc. No. 1]. Respondents concede that the legal and factual issues appear similar to those examined by another session of this court in Siguenza v. Moniz, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025), where both matters involve a petitioner who had been ordered removed from the United States, but who has also been awarded withholding of removal under the United Nations Convention against Torture ("CAT"),

prohibiting his removal to his home country. Abbreviated Resp. to Habeas Pet. and Request to Proceed without Additional Briefing or Arg. 2 [Doc. No. 9]. Respondents request that, if the court grants the Petition, the court order Petitioner released pursuant to an "Order of Supervision" as authorized by 8 U.S.C. § 1231(a)(3). Resp'ts' Opp'n 2 [Doc. No. 9]. Petitioner does not object to an "Order of Supervision" but requests that the court order those conditions to be "reasonable." Pet.'s Reply 2 [Doc. No. 10].

Finding the ongoing detention unconstitutional where Respondents have offered no evidence of any plan to remove Petitioner in the reasonably foreseeable future, the Petition is GRANTED, with release pursuant to an Order of Supervision.[1]

I.   Background

Shortly after entering the United States in July 2019 on a temporary business and tourism visa, Petitioner moved to Maine. Pet. ¶ 37 [Doc. No. 1]. After his temporary visa expired, Petitioner applied for asylum, withholding of removal, and protection under the CAT. Id. ¶ 38; Pet. Ex. C, at ECF 2 [Doc. No. 1-4].

In January 2025, ICE detained Petitioner. Pet. ¶ 24 [Doc. No. 1]. On March 26, 2025, an Immigration Judge denied Petitioner's application for asylum and ordered that he be removed. Pet. Ex. C, at ECF 2 [Doc. No. 1-4]. However, the Immigration Judge also found that Petitioner's life or freedom would be threatened should he be returned to Rwanda and restricted his removal, pursuant to 8 U.S.C. § 1231(b)(3). Id.; see 8 U.S.C. § 1231(b)(3)(A) (the government "may not remove an alien to a country if [the government] decides that the alien's life or freedom would be threatened in that country . . . ."). Subsequently, ICE attempted to remove Petitioner to several "third countries," none of which would accept him. Pet. ¶ 41 [Doc.

---

[1] The court declines to set limits on the conditions of release.

2

No. 1]; Pet. Ex. D, at ECF 2–3 [Doc. No. 1-5].

On June 27, 2025, Petitioner filed a Petition for a Writ of Habeas Corpus in the District of Maine, challenging his detention and seeking release or access to pending criminal proceedings in Maine state court. Pet. ¶ 11 [Doc. No. 1]; see Misigaro v. Hyde, Case No. 2:25-cv-00339-LEW, Doc. No. 1 (June. 27, 2025). The parties reached an agreement regarding Petitioner's access to the pending state court proceedings, and the Petition was voluntarily dismissed. Pet. ¶ 11 [Doc. No. 1]; see also Misigaro, Case No. 2:25-cv-00339-LEW, Doc. No. 14 (July 3, 2025).

On September 23, 2025, Petitioner participated in an ICE custody review interview, a process through which ICE considers whether to release a noncitizen detainee. Pet. Ex. E, at ECF 2–3 [Doc. No. 1-6].

On October 24, 2025, Petitioner filed a renewed Petition in the District of Maine, challenging the reasonableness of the length of his detention. Pet. ¶ 12 [Doc. No. 1]; see Misigaro v. Hyde, Case No. 2:25-cv-00538-LEW, Doc. No. 1 (Oct. 24, 2025). That court issued a general writ *ad testificandum / ad prosequendum* ordering ICE to facilitate Petitioner's attendance and participation in his pending state court proceedings but denied Petitioner's claim for immediate release. Misigaro v. Hyde, 2025 WL 3140715, at *1, *4 (D. Me. Nov. 10, 2025).[2]

In December 2025, Petitioner was acquitted in Maine state court of aggravated assault

---

[2] The District of Maine court found that although ICE had detained Petitioner for longer than six months beyond the effective date of his removal order and Petitioner had circumstantially demonstrated that his removal to a third country presented an administrative challenge that is unlikely to be accomplished in the near term, release was not warranted because of: "(1) the fact that Petitioner filed his Petition immediately following expiration of the presumptively reasonable detention period; (2) the pendency of an administrative review process that should conclude shortly, presumably by year's end; and (3) the quite serious state court charges pending against Petitioner, including an aggravated assault charge and charges of violating bail conditions . . . ." Misigaro, 2025 WL 3140715, at *4.

3

against his ex-wife and misdemeanor domestic assault against his daughter but was convicted of misdemeanor domestic assault against his ex-wife. Decl. of Pet'r's Defense Att'y ¶ 4 [Doc. No. 8]. Petitioner is scheduled to be sentenced in the Maine state court proceeding on February 23, 2026. Id. ¶ 7.[3]

On January 22, 2026, ICE transferred Petitioner from the Cumberland County Jail in Portland, Maine, to the Plymouth County Correctional Facility, in the District of Massachusetts, where he is presently detained. Pet. ¶¶ 23–24 [Doc. No. 1]. To date, ICE has not informed Petitioner of its decision regarding the review process that commenced in September 2025. Id. ¶ 43; Pet. Ex. E, at ECF 2 [Doc No. 1-6].

II.   Discussion

Petitioner filed the instant Petition for Writ of Habeas Corpus [Doc. No. 1] on January 23, 2026. He asserts the following: (1) Respondents' unreasonably long detention of Petitioner violates his Fifth Amendment rights where Respondents lack reasonably foreseeable plans to remove him; (2) Respondents' continued detention of Petitioner violates the Immigration and Nationality Act, 8 U.S.C. § 1231(a), for the same reasons; and (3) Respondents' detention and transfer of Petitioner violates his Sixth Amendment rights to participate in the state court proceedings. Pet. ¶¶ 57–73 [Doc. No. 1]. Petitioner seeks either immediate release or an order requiring ICE to transport Petitioner to Maine state court for scheduled proceedings. Id. at ECF 15.

As the District of Maine court explained,

> The legal framework governing post-removal-period detention is set by statute. After expiration of a 90-day removal period, see 8 U.S.C. § 1231(a)(1)(A), the United States can continue to detain certain classes of aliens by law, see id.

---

[3] Petitioner's defense counsel states that he and the prosecutor have agreed to a 45-day sentence for the misdemeanor conviction. Decl. of Pet'r's Defense Att'y ¶ 8 [Doc. No. 8]. The record is silent as to the disposition of the bail violation charges.

> § 1231(a)(6). However, generally speaking, absent cause for continued detention, the United States should release aliens from custody subject to appropriate terms of supervision. In Zadvydas [v. Davis, 533 U.S. 678 (2001)], the Supreme Court read "an implicit limitation into" § 1231(a)(6), and held that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States [and] does not permit indefinite detention." 533 U.S. at 689. The Zadvydas Court also adopted a 6-month "presumptively reasonable period of detention." Id. at 701]. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

Misigaro, 2025 WL 3140715, at *3.

Petitioner has now been detained for more than ten months beyond the effective date of his removal order issued March 26, 2025, and for over a year in total. Pet. ¶¶ 23–24 [Doc. No. 1]; Pet. Ex. C, at ECF 2 [Doc. No. 1-4]. Petitioner has met his burden to "provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," Zadvydas, 533 U.S. at 701, where he may not be removed to his home country and none of the several "third countries" to which ICE attempted to remove Petitioner would accept him, Pet. ¶ 41 [Doc. No. 1]; Pet. Ex. D, at ECF 2-3 [Doc. No. 1-5]. Respondents have failed to respond with any contrary evidence, let alone evidence sufficient to rebut that showing. See Resp'ts' Opp'n 1–2 [Doc. No. 9]. Accordingly, the court finds continued detention of Petitioner pursuant to subsection 1231(a)(6) to be unconstitutional. See Zadvydas, 533 U.S. at 689 (holding that 8 U.S.C. § 1231(a)(6), "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.").

III. Conclusion

Where ICE has detained Petitioner for more than ten months beyond entry of his final order of removal, Petitioner has provided good reason to believe that there is no significant

likelihood of removal in the reasonably foreseeable future, and Respondents have failed to offer any evidence to the contrary, the court GRANTS the <u>Petition for Writ of Habeas Corpus</u> [Doc. No. 1]. Petitioner shall be transported to Maine and released from ICE custody subject to an order of supervision, pursuant to 8 U.S.C. §§ 1231(a)(3), (6). Respondents shall submit a status report on this matter no later than February 13, 2026.

    IT IS SO ORDERED.

    February 6, 2026                                                                     <u>/s/ Indira Talwani</u>
                                                                                   United States District Judge