**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| OLIVIER MISIGARO, | Civil Action No. 1:26-cv-10298-IT |
| Petitioner, | |
| v. | |
| JOSEPH D. MCDONALD, JR., Sheriff, Plymouth County Sheriff's Office; ANTONE MONIZ, Superintendent, Plymouth County Sheriff's Office, MA; KRISTI NOEM, U.S. Secretary of Homeland Security; TODD LYONS, Assistant Secretary of U.S. Immigration and Customs Enforcement; PAMELA BONDI, U.S. Attorney General; PATRICIA HYDE, Boston Field Office Director for Detention and Removal, Immigration & Customs Enforcement, | |
| Respondents. | |

**PETITIONER'S MOTION FOR LEAVE TO FILE FIRST AMENDED PETITION**

Petitioner Olivier Misigaro respectfully moves for leave to file the First Amended

Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory

and Injunctive Relief, attached as Exhibit A. This motion is brought pursuant to 28 U.S.C. §

2242, Federal Rule of Civil Procedure 15(a)(2), and Local Rule 7.1. Leave should be granted

because the case has changed materially since the original petition and this Court's February 6,

2026 release order, and the proposed amended petition will place the live custody, transfer, and

third-country-removal issues before the Court in one operative pleading.

The proposed amendment is prompt, made in good faith, and necessary to further the

litigation. Respondents have now re-detained Mr. Misigaro, revoked his Order of Supervision,

asserted that Cameroon has accepted him for removal, stated that no travel document is needed,

1

announced an intent to transfer him for removal, and represented that ICE intends to rely on DHS's March 30, 2025 Guidance Regarding Third Country Removals. See Respondents' Response to Order to Show Cause and Notice of Intent to Transfer for Purpose of Removal, ECF No. 16; Anzelmo Decl., ECF No. 16-1 ¶¶ 16-24. Respondents' own April 24, 2026 filing states that ICE intends to remove Mr. Misigaro to Cameroon on April 28, 2026 absent court relief. Anzelmo Decl., ECF No. 16-1 ¶ 23. Those emergency developments were not part of the original petition and require an updated pleading.

The First Amended Petition also reflects Petitioner's asserted fear of removal to Cameroon, the individualized evidence submitted in support of that fear, ICE's cancellation of a scheduled USCIS fear interview, and recent evidence concerning detention and chain-refoulement risks for non-Cameroonian deportees sent by the United States to Cameroon. The amended pleading therefore clarifies the present controversy and will not cause undue delay or confusion. It will allow the Court and the parties to address the case as it now exists, not as it existed before ICE's April 2026 actions.

## LEGAL STANDARD

Habeas petitions may be amended. 28 U.S.C. § 2242 provides that a habeas application "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Under Federal Rule of Civil Procedure 15(a)(2), a party may amend with the opposing party's written consent or the Court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has instructed that this mandate "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Under Foman, leave should be denied only for a justifying reason, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing

party, or futility. Id.; see also *U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009). Futility means that the pleading, as amended, would fail to state a claim on which relief could be granted. *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).

## ARGUMENT

Leave is warranted under Rule 15(a)(2). The amendment is not the product of undue delay. It is prompted by intervening events that occurred after the Court ordered release under supervision: ICE's April 22, 2026 re-detention of Petitioner, its revocation of supervision, its new designation of Cameroon as the proposed third country of removal, its asserted reliance on diplomatic assurances, its representation that Petitioner had been manifested for a removal flight, and its cancellation of the scheduled fear interview. Petitioner seeks leave immediately because the current operative pleading does not fully address those new facts and the associated claims for relief.

Nor is there bad faith, dilatory motive, or prejudice. Petitioner seeks to litigate the current custody and removal process on the merits. Respondents are already aware of the facts giving rise to the amendment because they disclosed many of them in their April 24, 2026 response and supporting declaration. Allowing amendment will not require Respondents to reconstruct stale facts or revisit completed discovery. Rather, it will consolidate the live issues in one pleading and reduce the need for piecemeal emergency motion practice.

The amendment is not futile. The proposed First Amended Petition alleges concrete, current injuries: renewed detention after a court-ordered release, revocation of an Order of Supervision based on an asserted but contested "changed circumstance," threatened transfer outside the First Circuit, threatened removal to Cameroon, and the lack of meaningful individualized process to raise withholding, CAT, FARRA, due-process, and chain-refoulement

claims as to Cameroon. Those allegations are not facially incapable of supporting habeas, declaratory, or injunctive relief. Respondents may dispute jurisdiction, procedure, or the merits, but those disputes should be resolved on the operative facts after amendment, not by freezing the pleadings before the emergency facts are presented.

The amendment will further this litigation. The case is now about whether Respondents may use renewed detention and an imminent third-country removal process to send Mr. Misigaro to Cameroon notwithstanding his asserted fear, his existing withholding protection from Rwanda, and the alleged deficiencies in the process provided. The proposed amendment updates the parties, facts, claims, and requested relief to match that posture. Rule 15 exists for precisely this circumstance, where a pleading must be updated so the Court may decide the actual controversy on the merits.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant leave to file the First Amended Petition attached as Exhibit A and direct that it be accepted as the operative pleading in this case.

Dated: April 26, 2026

Respectfully submitted,

OLIVIER MISIGARO,
By his attorney,

/s/ Carl H. Hurvich
Carl H. Hurvich, Esq.
Brooks Law Firm
10 High Street, Suite 3
Medford, MA 02155
(617) 245-8090
Carl@Brookslawfirm.com
BBO #698179
Counsel for Petitioner Olivier Misigaro

4

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(2), counsel for Petitioner certifies that counsel for Petitioner contacted counsel for Respondents to learn Respondents' position on the proposed amended petition. Given the emergency nature of the developments in the case, counsel for Petitioner was unable to discuss Respondents' position prior to filing.

/s/ Carl H. Hurvich
Carl H. Hurvich

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2026, the foregoing document was filed through the Court's CM/ECF system, which will send notice to all counsel of record.

/s/ Carl H. Hurvich
Carl H. Hurvich