UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OLIVIER MISIGARO,                 *
                                        *
     Petitioner,                 *
                                        *
     v.                            *
                                        *
DAVID WESLING, Acting Boston Field     *
Office Director, Enforcement and Removal   *
Operations, Immigration and Customs     *
Enforcement; JOSEPH D. MCDONALD, JR.,  *
Sheriff, Plymouth County Sheriff's Office;   *
ANTONE MONIZ, Superintendent, Plymouth  *     Civil Action No. 1:26-cv-10298-IT
County Correctional Facility; PATRICIA     *
HYDE, Field Office Director of Enforcement  *
and Removal Operations, Boston Field Office;  *
KRISTI NOEM, Secretary, U.S. Department   *
of Homeland Security; TODD LYONS,      *
Acting Director, U.S. Immigration and     *
Customs Enforcement; and PAMELA      *
BONDI, U.S. Attorney General,        *
                                        *
     Respondents.           *
                                        *

MEMORANDUM & ORDER

April 27, 2026

TALWANI, D.J.

Petitioner Olivier Misigaro, a citizen of Rwanda who has been re-detained by U.S.

Immigration and Customs Enforcement ("ICE") following his February 8, 2026 release,

challenges his detention as unlawful and files an amended petition for a writ of habeas corpus

under 28 U.S.C. § 2241(a). Am. Pet. for Writ of Habeas Corpus [Doc. No. 22].

Where this court has jurisdiction over habeas petitions, see 28 U.S.C. § 2241(a); U.S.

CONST. art. I, § 9, cl. 2 (providing that "[t]he Privilege of the Writ of Habeas Corpus shall not

be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it"),

1

and the relief sought by Petitioner is not review of an immigration order or an injunction or stay preventing the execution of such an order, but rather, Petitioner alleges that he is subject to arrest, detention, and prospective removal in violation of the Constitution and laws of the United States, this court has jurisdiction to determine whether it has subject-matter jurisdiction to consider the Amended Petition [Doc. No. 22] under 28 U.S.C. § 2241(a). See Brownback v. King, 592 U.S. 209, 218–19 (2021); Order Concerning Service of Pet. and Stay of Transfer or Removal at 2–3 [Doc. No. 3].

The court's stay orders, see Order Concerning Service of Petition and Stay of Transfer or Removal ¶ 4 [Doc. No. 3]; Elec. Order [Doc. No. 15], remains in effect while the court makes such a determination. Respondents shall answer or otherwise respond to the Amended Petition [Doc. No. 22] within 48 hours of the issuance of this order. Petitioner shall file any Reply within 48 hours of the government's filing of an answer or response. Such time periods shall be calculated in accordance with Fed. R. Civ. P. 6(a)(2)(C).

IT IS SO ORDERED.

April 27, 2026                                          /s/ Indira Talwani
                                                        United States District Judge

2